## ROY CAMPBELL & CO. v. RAINS.
### No. 9199.

Court of Civil Appeals of Texas. San Antonio.

Dec. 13, 1933.

Rehearing Denied Jan. 10, 1934.

Jesse G. Foster, of Raymondville, for appellants.

A. B. Crane, of Raymondville, for appellee.

MURRAY, Justice.

Suit No. 299 was instituted by appellant, Roy Campbell & Co., against appellee, B. V. Rains, seeking a recovery on several items. The first was a note for the principal sum of $150, which was given by appellee to appellant, covering the purchase price of onion seed. The note provided for interest and attorney's fees. The second item was the sales price of 1,000 onion sacks amounting to the sum of $135. The third item was 7 per cent. commission on two cars of onions, aggregating the sum of $60.34. The last item was an inspection fee of $4. Appellant recovered judgment for all of these items, together with interest, and attorney's fees, with the exception of the $4 item. There is no complaint whatever by either party, so far as this part of the judgment is concerned.

Appellee pleaded by way of counterclaim damages in the sum of $620.10, which were alleged to have grown out of a spinach contract entered into between the same two parties contemporaneously with the onion contract. The onion contract was in writing, while the spinach contract was oral. Appellee had also instituted a suit, in the same court, being cause No. 302, against appellant, based upon the same spinach contract, and in fact the counterclaim in cause No. 299, and the petition in cause No. 302, were identical and stated the same cause of action.

Appellee filed a motion to consolidate these two causes which was granted by the trial court.

The objection set up by appellant to this consolidation is set out in his bill of exception No. 1, which is as follows:

"(1) Because notice of said motion had never been served upon the plaintiff.

"(2) Because the allegations of facts alleged

in said cross-action in this suit and in petition in cause No. 302 are not connected with, incident to, or shown to have arisen on account of the cause of action on which plaintiff bases its suit in cause No. 299, which plaintiff's cause of action is based on a written contract, as fully shown in plaintiff's First Amended Original Petition on file in cause No. 299, as will fully appear to the court and for which reason such cross-action or defendant's cause of action cannot be permitted as a set-off or counterclaim in plaintiff's cause of action.

"(3) For the further reason that all of the allegations contained in defendant's cross-action in cause No. 299 and in plaintiff's petition in cause No. 302, which are identical, even if true, which is not admitted, but specifically denied by the plaintiff herein, are shown to be mere representations as to some future event or mere expressions of opinion as to market prices, expense of harvesting and contemplated prices to be received for said crops of B. V. Rains, and fail to show or allege that such representations are sufficient to constitute fraud or form a basis for a cause of action against the plaintiff, Roy Campbell & Company, the same not being allegations as to some past or present existing material transaction or event. * * * "

■ The trial court qualified this bill of exceptions by stating that appellant did not complain of any want of notice of such motion to consolidate, but appeared in court and objected to same for other reasons. We are of the opinion that by this conduct appellant waived this right to notice and cannot now complain that he was not served with notice.

■ The second ground of objection, as shown above, when fully analyzed, simply says that the cases should not be consolidated because appellant's cause of action is based upon a written contract and appellee's cause of action does not arise out of appellant's written contract. This does not state any good reason why the two causes should not have been consolidated. It is true that article 2017, Rev. Civ. Stat., provides that an unliquidated demand may not be set up against a liquidated demand unless it is founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action. Appellant's second objection is insufficient to invoke the provisions of article 2017.

■ The third ground of objection complains of the sufficiency of appellee's petition in cause No. 302, but states no ground why the two causes should not be consolidated.

■■ There is another theory on which the consolidation of these two cases would not constitute reversible error. It is the policy of the state to avoid a multiplicity of suits, and the question of consolidation of cases is addressed largely to the judicial discretion of the trial judge. Where consolidation has been granted and the complaining party does not show that he has been injured thereby, appellate courts will not set such action aside, and any error thus committed will be held to be harmless error.

■ The question of damages arising out of the spinach contract having been brought into this case by consolidation, appellant was not in a position to complain that unliquidated damages were being set off against liquidated damages.

■■ The next question we are confronted with is, Does appellee's counterclaim state a good cause of action? We are of the opinion that it does not. The gist of appellee's counterclaim is that appellant represented to him that it would not cost more than 30 or 35 cents per bushel to harvest his spinach crop, and that same would sell for more than 15 cents per bushel net to appellee. We think that these representations were expressions of opinion as to future transactions and are insufficient to constitute fraud. Appellee further alleges that appellant was negligent in not knowing the market, or in handling his crop, or did not render him a true statement of what the spinach was sold for, but there is no evidence to sustain these allegations.

It is settled law that a counterclaim must be pleaded with the same certainty and established by a preponderance of the evidence as is required in an original cause of action. Appellee has not met these requirements in connection with his counterclaim growing out of the spinach contract. The pleadings and proof being insufficient to establish the judgment rendered by the trial court for the sum of $620 in appellee's favor, the same must be reversed, but judgment will not be here rendered for the reason that appellant directed a general and many special exceptions to appellee's counterclaim, and, had these been sustained by the trial judge, appellee would have had the privilege of amending his pleading. That appellee may have this opportunity, the judgment based upon his counterclaim will be remanded.

The judgment in favor of appellant for the sum of $452.49 is in all things affirmed. The judgment in favor of appellee in the sum of $620 will be reversed and remanded. The judgment of the trial court decreeing that each party pay one-half of the costs will be reversed and here rendered that appellant recover all costs in this behalf expended.

Affirmed in part, reversed and rendered in part, and reversed and remanded in part.